QUESTION: Is a board of county commissioners authorized to appoint more than one superintendent of county roads?
SUMMARY: Section 336.04, F.S., authorizes the board of county commissioners to appoint only one superintendent of county roads. Section 336.04, F.S., provides: The commissioners may appoint an experienced and competent road builder, who shall be known as the superintendent of public roads. All work on the public roads of the county, outside of cities and towns, shall be under the supervision of such superintendent, who shall be responsible to and subject to the direction of the commissioners. The compensation of the superintendent shall be fixed by the commissioners. As you noted in your letter, the legislative intent declared in s. 334.02(7), F.S., is that local authorities shall have adequate authority with respect to transportation facilities under their jurisdiction. However, this expression of general legislative intent is not sufficient to allow a county to rewrite the Florida Transportation Code where there is no ambiguity in one of its provisions. While a county is authorized by the statute implementing the county home rule provision of the Florida Constitution, Art. VIII, s. 1, to "[p]rovide and regulate arterial, toll, and other roads, bridges, tunnels and related facilities" in the county, s. 125.01(1)(m), F.S., its home rule powers may not be exercised in a manner inconsistent with general law. Article VIII, s. 1(f), and s. 125.01. As noted in AGO 071-223: According to Webster, the term "inconsistent" means "not compatible with another fact or claim." In the home rule context, it means that when the legislature has, by general or special law, spoken upon a matter in terms that evidence an intent that the provisions of such law should control the matter in question, a county may not, by home rule ordinance, provide to the contrary. It was further noted that "an express legislative direction as to the manner in which a thing shall be done is, in effect, a prohibition against its being performed in any other way." Here, the statute provides that the county commissioners may appoint a superintendent of public roads and that all work on the public roads in the unincorporated areas of the county shall be under his supervision, subject to the direction of the county commissioners. The legislative history of this provision indicates that the Legislature had in mind a single incumbent of a position in county government that had all the indicia of a county office (except that the incumbent was selected by the county commissioners rather than appointed by the Governor or elected by the people, as required by Art. III, s. 27, State Const. 1885). See Ch. 4769, 1899, Laws of Florida, providing for the appointment of a county road superintendent by the board of county commissioners, fixing the maximum compensation and duties of the position, prescribing a definite tenure of office, and authorizing his removal "from office" by the county commissioners only for good cause after notice and a hearing — all of which are indicia of an "office." See State v. Jones, 84 So. 84 (Fla. 1920). Accord: Section 5, Ch. 6537, 1913, Laws of Florida, which raised the authorized compensation of the superintendent, reenacted the provisions respecting his appointment and duties, and provided for road "overseers" to supervise the roads in the several road "subdivisions" of the county. The 1955 revision of the transportation laws made by Ch. 29965, 1955, Laws of Florida, carried forward the provisions of the prior laws in substantially its present form, s. 336.04, F.S. But there is no indication that there was any intention to change the original legislative intent referred to above — that is, a single incumbent of a single position in county government. Your question is, therefore, answered in the negative.